José Luján Jr., Plaintiff and Appellant, v. Insular Police Commission, Defendant and Appellee.

No. 4381.  Argued March 9, 1928.—Decided April 25, 1928.

B. T. Pacheco for the appellant. J. A. Acosta, Acting Attorney General, and Felipe Janer, Assistant Attorney General, for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

José Luján Jr. was a member of the Police Force of Porto Rico from March 1, 1919, until July 25, 1924, when he was retired from the service on account of physical disability. In accordance with Act No. 68 of July 16, 1921, he was granted a pension of $35 monthly to be paid at the end of each month. From January, 1925, until November 30, 1926, José Luján Jr. was employed as a keeper of records in the municipality of San Juan, Porto Rico, at a yearly salary of one thousand dollars. On October 10, 1925, José Luján Jr. received a communication from the Headquarters of the Police Force informing him that pursuant to the amendment made to the Police Retirement Act and it appearing that he was employed by the municipality, it was hoped that he would express conformity in a discontinuance of the pension as from August 20, 1925, or make such objection as he might think proper. The letter appears to be signed by J. Lugo, Assistant Chief and Adjutant I. P. Luján answered that he had been retired from the police force in accordance with Act No. 68 of July 16, 1921, and its section 15 gave to such retired persons the right to hold any elective or administrative office without prejudice to their retirement pensions. From August 20, 1925, to November 20, 1926, the pension was not paid to Luján and he presented to the District Court of San Juan a petition for a writ of mandamus against the Insular Police Commission of Porto Rico composed of N. A. Walcott, Manuel M. Ginorio and Julián W. Blanco. In the petition it was alleged also that the petitioner had demanded payment of his pension from the

defendants; that for the payment of the pension it was indispensable that the defendants, by their president, should approve and sign the vouchers corresponding to the monthly allowances due and to become due; that the plaintiff has made demand upon the defendants that they approve and sign such vouchers and they had refused to do so although that was one of their duties; that he is gravely injured by that refusal, and that he has no other speedy and adequate means of securing the relief sought.

An alternative writ of mandamus was issued by the court and the Insular Police Commission of Porto Rico appeared and denied the allegations referring to its duty to sign the vouchers, to its having been demanded to do so and to any injury having been caused to the petitioner. The Commission set up the following special defenses:

(a) That the petitioner had been employed from January 13, 1925, to November 30, 1926, as keeper of records in the municipality of San Juan at a yearly salary of one thousand dollars.

(b) That under section 5 of Act No. 68 of 1921 the petitioner ceased in the enjoyment of his pension while he was holding the said position of keeper of records.

(c) That the Commission has not deprived the petitioner of his pension, but had ceased to authorize its payment while he was employed by the municipality of San Juan.

(d) That the petitioner abandoned his right to the monthly allowances due by failing to claim them for a period of fifteen months.

The petition for a writ of mandamus appears to have been signed on December 21, 1926.

The court heard the case with the evidence and rendered judgment against the petitioner by dismissing the petition without special imposition of costs. The judgment was rendered on March 1, 1927, and this appeal was taken from that judgment.

Several errors have been assigned by the appellant. It is not necessary to consider them separately.

The District Court of San Juan weighed the evidence and applied the law correctly and properly, as we shall see.

In the first place it has not been proved that the Insular Police Commission makes or drafts the vouchers, but it appears that it receives them from police headquarters and then approves them. It does not seem that the Commission has the specific duty of including in the vouchers any recommendations or charges, although by law and by its nature the Commission has authority to refuse to approve vouchers and expenses included therein. It has not been shown that the Commission received any vouchers from police headquarters or from any other competent source containing the pension of Luján and refused to sign it. The act, or rather alleged omission, has not been proved. This would be sufficient justification for the action of the court and its judgment, and for its affirmance.

There is something more in the case. The original police retirement act, that is, Act No. 68 of 1921, section 15, reads:

"Persons retired from the service of the Insular Police shall continue in the enjoyment of their civil rights and may hold any other elective or administrative office without prejudice to such retirement pension as they may be enjoying."

But on August 20, 1925, the Legislature of Porto Rico amended Act No. 68 of 1921 by Act No. 86 and added thereto section 5 a which reads as follows:

"Any person enjoying a pension shall cease in the enjoyment thereof as long as he may be discharging a position with the Federal, Insular or Municipal Government for any salary or compensation whatever."

This was the reason for suspending the pension of the appellant, who now alleges that that statute has been given retroactive effect and that he could not be deprived of a vested right to receive his pension, although he had other official employment.

We reproduce here with approval the cases cited by the District Court of San Juan in its opinion in this case. And as doctrine applicable to the matter we cite the case of *Pennie* v. *Reis,* 132 U. S. 471, wherein the question determined is analogous to the present case.

*Pennie v. Reis* involved a law of California of April 1, 1878, containing a provision, among others, which authorized the treasurer of the city and county of San Francisco to retain from the pay of each police officer the sum of two dollars monthly for the fund of life and health insurance of the police; that upon the death of any member of the police force the treasurer should pay to his lawful heirs the sum of one thousand dollars, and that in case any officer should have to resign because of illness, a certain sum should be paid to him. Policeman Ward had served on the force from September of 1869 to March of 1889 when he died. The administrator of his estate claimed the one thousand dollars to which in his opinion he was entitled and the treasurer refused to pay it. The administrator petitioned for a writ of mandamus and the treasurer alleged in his answer that the Act of March 21, 1889, of California, creating a fund of aid and insurance for the police for the counties and cities of that state was in conflict with the law cited and invoked by the administrator and had been repealed by the law of 1889 under which the treasurer refused to·pay the sum demanded. The writ of mandamus was denied.

In its opinion in that case the Supreme Court of the United States, after stating the contention of the appellant and his argument that policeman Ward had had two dollars discounted from his salary each month to be paid into that insurance fund, expressed itself as follows:

"Being a fund raised in that way, it was entirely at the disposal of the government, until, by the happening of one of the events stated—the resignation, dismissal, or death of the officer—the right to the specific sum promised became vested in the officer or his representative. It requires no argument or citation of authorities to

show, that in making a disposition of a fund of that character, previous to the happening of one of the events mentioned, the State impaired no absolute right of property in the police officer. The direction of the State, that the fund should be one for the benefit of the police officer or his representative, under certain conditions, was subject to change or revocation at any time, at the will of the legislature. There was no contract on the part of the State that its disposition should always continue as originally provided. Until the particular event should happen upon which the money or any part of it was to be paid, there was no vested right in the officer to such payment." 132 U. S. Rep. 471.

In *Rodríguez* v. *Miller*, 23 P.R.R. 551, this court expressed itself as follows:

"Another contention of appellant upon this phase of the case is that the law of 1915 is retroactive and therefore void.

"It is urged that a student who has been supplied with books during his first year in the high school has acquired the right to free textbooks and supplies during the whole high-school course and that the statute therefore is in derogation of a right vested under a former law. Section 3 of the Civil Code relied upon by appellant in this regard provides that 'Laws shall not have a retroactive effect unless they expressly so decree,' and that 'In no case shall the retroactive effect of a law operate to the prejudice of rights acquired under previous legislative action.' The Organic Act and not the Civil Code is our constitution, and the Legislative Assembly was as free and untrammelled in the exercise of its legislative powers in the session of 1915 as it was in 1902 when it adopted the Revised Civil Code. Neither was it the intention of that body when sitting in its second session in 1902, by the enactment of section 3 or of any other section of the Civil Code, to tie the hands of all successive assemblies, nor could it have accomplished such a purpose had it so desired. The only rational view of section 3 of the Civil Code is that it merely voices in statutory form an ordinary, well-recognized, cardinal principle of statutory construction."

In the case before us there is no vested right that has been infringed by the amendment which, by way of addition to Act No. 68 of 1921, was enacted by the Legislature.

For the foregoing reasons the judgment appealed from must be affirmed.